**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 234 EAL 2023 |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| v. | : | |
| | : | |
| JAMES SMITH, | : | |
| | : | |
| Petitioner | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 235 EAL 2023 |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| v. | : | |
| | : | |
| JAMES SMITH, | : | |
| | : | |
| Petitioner | : | |

## ORDER

**PER CURIAM**

AND NOW, this 9th day of April, 2024, the November 9, 2023 Order is **VACATED**, and the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by petitioner, are:

(1) In a sex abuse case where the uncorroborated testimony of two child complainants was at issue, did the Superior Court err by holding [p]etitioner had no right to ask prospective jurors if they held a fixed belief that children would not lie about being sexually abused, contrary to this Court's decisions holding that an inquiry into

prospective jurors' potential bias as to the trustworthiness of certain categories of witnesses is necessary on *voir dire*?

(2) Has the Superior Court, contrary to the terms of the statute and the intent of the legislature, impermissibly expanded the scope of criminal liability of 18 Pa.C.S. §6318, unlawful contact with a minor?

Issue (1) set forth above is to be **ARGUED**, and the Prothonotary is **DIRECTED** to list it for oral argument at the same session as, and consecutive to, *Commonwealth v. Walker*, 277 WAL 2023. Issue (2) will be **SUBMITTED** on the briefs.

Petitioner's November 21, 2023 Petition to Amend Order is **DENIED AS MOOT.**

Justice McCaffery did not participate in the consideration or decision of this matter.